OLIVER JOYALL and BAPTISTE RIVIERE, Appellants, *v.* STEAM-
BOAT GOLDFINCH, Respondent.

1. *Boats and Vessels — Lien.*—Decision in Cavender v. Str. Fanny Barker, 40 Mo. 235, affirmed.

*Appeal from St. Louis Circuit Court.*

This was an action to enforce a maritime lien against the steamer Goldfinch for goods and supplies furnished by the plaintiffs, at St. Louis, which was the home port of the vessel and the

place of residence of her owners. The court below held that no lien attached, and gave judgment for defendant.

*Clark & Coonley*, for appellants.

The defense relied on in the court below was want of jurisdiction.

I. The character of the contract decides the jurisdiction. (3 T. R. 267, 269.)

II. Is the contract maritime? (Davis v. Brigg, Gilpin, 477 *et seq.;* De Sovio v. Boit, 2 Gallison, 475; The Jerusalem, *id.* 347–8; The General Smith, 4 Wheat. 443; The Huntress, Davies R. 93–111.)

III. As to the exclusive nature of the admiralty jurisdiction, *vide* The Moses Taylor, 4 Wall. 411; The Ad. Hine v. Trevor, *id.* 555.

*Lackland & Martin*, for respondent.

I. In this case it appears from the record that the supplies were furnished at St. Louis; that this was the home port of the vessel proceeded against, and that the owners of said vessel were residents of this county. The maritime law gives no lien, and the State jurisdiction to enforce a lien for such supplies is not ousted or excluded by the jurisdiction of the United States. (Cavender v. Str. Fanny Barker, 40 Mo. 235.)

HOLMES, Judge, delivered the opinion of the court.

This case is not distinguishable from the cases of Cavender v. Str. Fanny Barker, and Boylan v. Str. Victory (40 Mo. 235, 244), and must be governed by those decisions.

Judgment affirmed. The other judges concur.